AFFIDAVIT IN SUPPORT OF
CRIMINAL COMPLAINT

I, Analiz Suarez-Velez, being first duly sworn, hereby depose and state as follows:

INTRODUCTION

1. I am a Special Agent employed by the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI") and have been employed as a Special Agent since September 2024. I am an investigative or law enforcement officer of the United States who is empowered to conduct investigations of or to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. As a Special Agent, my responsibilities include conducting investigations of the alleged manufacture, distribution and possession of controlled substances, importation of controlled substances, smuggling of goods into the United States, firearm's violations, and other related offenses. During my tenure as a Criminal Investigator, I have completed the Criminal Investigator Training Program (CITP) at the Federal Law Enforcement Training Center in Glynco, Georgia (FLETC) and completed the Homeland Security Investigation's Special Agent Training (HSISAT) at FLETC. During HSISAT, I received extensive training conducting investigations related to firearms violations and narcotics smuggling, which includes interdiction and distribution activities where investigations commonly conducted are related to violations of Titles 8, 18, 19, 21 and 31 of the United States Code (USC).

2. Your affiant is presently assigned to Homeland Security Investigations (HSI), San Juan, Airport Investigations and Tactical Team (AirTAT). The AirTAT investigates international drug trafficking and money laundering organizations that utilize the aviation domain to smuggle narcotics and currency into and through the United States.

3. As a Special Agent, your affiant's job and responsibilities include conducting investigations of alleged manufacturing, distributing or possession of controlled substances, 21 U.S.C. § 841 (a) (1)); importation of controlled substances 21 U.S.C § 952 (a)); smuggling of

goods into the United States, 21 U.S.C. § 545; Immigration violations Title 8, United States Code; possession with the intent to distribute narcotic drug controlled substances while onboard a vessel subject to the jurisdiction of the United States 46 U.S.C. § 70501 et seq.; and related offenses

4. The information contained in this affidavit is based on my personal knowledge and observations during the course of this investigation, information conveyed to me by other law enforcement officials, and my review of records, documents, and other physical evidence obtained during this investigation. This affidavit is not intended to include every fact observed by me or known by the government.

5. Specifically, this affidavit is submitted for the limited purpose of establishing probable cause that Kevin GONZALEZ-Morales committed violations of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii)(II) (possession with intent to distribute a mixture or substance containing five kilograms or more of cocaine). Therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

Facts in Support of Probable Cause

6. On July 3, 2025, at approximately 5:00 AM, Homeland Security Investigations (HSI), Airport Investigations and Tactical Team (AirTAT) Task Force Officers (TFOs) were conducting Domestic Flight Operations at the Luis Muñoz Marin International Airport (LMMIA). Puerto Rico Police Bureau (PRPB) K9 Officer Elvin A. Santiago (Badge # 32043) and K9 Juici were assisting HSI TFOs.

7. At approximately 5:45 AM, HSI TFOs observed a male, later identified as Kevin GONZALEZ-Morales, entering through door number 1 of LMMIA.

8. While GONZALEZ-Morales was entering LMMIA, HSI TFOs noticed that GONZALEZ-Morales's suitcase had a United States Department of Agriculture (USDA) sticker already on the top handle of the suitcase. Based on training an experience, this is consistent with

drug trafficking organizations (DTOs) modus operandi (MO) when attempting to smuggle narcotics through the airport.

9. GONZALEZ-Morales was scheduled to travel in JetBlue flight number B6 1476 with a destination of Bradley International Airport (BDL), Hartford, Connecticut (CT). GONZALEZ-Morales was carrying one handbag, one crossbody bag and one dark grey check-in type suitcase.

10. HSI TFOs located GONZALEZ-Morales's suitcase in the loading ramp area and coordinated a K9 open air odor test on the dark grey check-in type suitcase.

11. At approximately 6:20 AM on July 3, 2025, K9 Juici alerted positive to the presence of narcotics inside the dark grey check-in type suitcase, bearing a JetBlue tag reflecting the destination of BDL, Hartford, CT. The JetBlue tag also reflected the name of "GONZALEZ MORAL."

12. HSI TFOs then secured the dark grey check-in type suitcase and escorted it to the LMMIA JetBlue terminal, gate A4 where GONZALEZ-Morales was located.

13. HSI TFOs approached GONZALEZ-Morales at JetBlue terminal, gate A4 and asked GONZALEZ-Morales if the dark grey check-in type suitcase was his; he replied yes. HSI TFOs then asked GONZALEZ-Morales to provide them with the JetBlue boarding pass to corroborate the name on the suitcase tag to match the name on the boarding pass.

14. Upon confirmation that the JetBlue boarding pass and the JetBlue tag on the dark grey check-in type suitcase matched, HSI personnel then asked GONZALEZ-Morales for consent to open his suitcase which he verbally agreed. Upon verbally providing consent to open the suitcase, HSI personnel asked GONZALEZ-Morales to open the suitcase himself.

15. Upon opening the suitcase HSI personnel observed a brick shaped object wrapped in carbon paper. Based on training and experience, the brick shaped object was consistent with the packaging of unlawfully concealed controlled substances.

16. GONZALEZ-Morales was then detained and escorted along with the suitcase and belongings to the AirTAT facilities located at LMMIA.

17. At approximately 7:40 AM on July 3, 2025, GONZALEZ-Morales signed a written consent for the inspection of his suitcase, bags and electronic device for which he also provided the passcode.

18. At approximately 7:56 AM on July 3, 2025, GONZALEZ-Morales was advised of his Miranda Rights in his native Spanish language, and at approximately 7:58 AM on July 3, 2025, GONZALEZ-Morales knowingly and voluntarily waived his right by signing ICE Form 73-025.

19. HSI Special Agent (SAs) and TFOs then proceeded to conduct a full inspection of the bags revealing approximately $1395.59 United States Dollars (USD), iPhone cellphone with a black case and other personal items. Subsequently, HSI SAs and TFOs conducted a full inspection of the dark grey check-in type suitcase. Upon opening the dark grey check-in type suitcase, HSI SAs and TFOs observed several pieces of clothes. Further inspection revealed several brick shaped objects wrapped in carbon paper, concealed inside the pants found in the suitcase. Based on training and experience, the brick shaped object was consistent with the packaging of unlawfully concealed controlled substances.

20. A chemical identification analysis was performed on the brick shaped objects revealed the brick shaped objects to contain cocaine hydrochloride. The seized bricks of cocaine weighed approximately 11.61 kilograms. In my training an experience, this quantity of cocaine is not for personal consumption, but rather for distribution purposes.

21.    Among the property on GONZALEZ-Morales person, HSI personnel seized one (1) cellular phone, 11.61kg of cocaine and the wrappings used in the preparation of the kilograms of cocaine.

## CONCLUSION

22.    Based on the foregoing facts and circumstances, your affiant submits that probable cause exists to believe that Kevin GONZALEZ-Morales committed violations of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii)(II) (possession with intent to distribute a mixture or substance containing 5 kilograms or more of cocaine).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

ANALIZ SUAREZ VELEZ
Digitally signed by ANALIZ SUAREZ VELEZ
Date: 2025.07.03 14:10:11 -04'00'

Analiz Suarez-Velez
Special Agent
Homeland Security Investigations
San Juan, Puerto Rico

Sworn pursuant to the requirements of Fed.R.Crim.P. 4.1 by telephone at  5:46 PM  on July 3, 2025.

Marcos E. López
United States Magistrate Judge
District of Puerto Rico